MCGUIREWOODS LLP
LILA Y. AL-MARHOON SBN #263654
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorneys for Defendants COUNTRYWIDE HOME LOANS, INC.; BANK OF
AMERICA, N.A.; RECONTRUST COMPANY, N.A.; and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as
"Mortgage Electronic Registration Systems aka MERS")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SOLIS,<br><br>               Plaintiff,<br><br>        vs.<br><br>COUNTRYWIDE HOME LOANS,<br>INC.; BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY, N.A.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS aka<br>MERS; SAFEGUARD PROPERTIES,<br>LLC; and DOES 1-10, INCLUSIVE,<br><br>               Defendants. | CASE NO. 2:13-cv-04388-JFW-JEM<br><br>[Assigned to the Hon. John F. Walter in Courtroom 16]<br><br>**COUNTRYWIDE, BANA, RECONTRUST, AND MERS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   Monday, March 3, 2014<br>Time:   1:30 p.m.<br>Crtrm.: 16<br><br>Complaint Filed:    June 18, 2013<br>FAC Filed:          August 21, 2013<br>Trial Date:         None Set |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THE**

**CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on March 3, 2014, at 1:30 p.m., or as soon

thereafter as the matter may be heard in Courtroom 16 of the above-entitled Court,

located at 312 North Spring Street, Los Angeles, CA 90012, Defendants

1  COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.;

2  RECONTRUST COMPANY, N.A.; and MORTGAGE ELECTRONIC

3  REGISTRATION SYSTEMS, INC. (erroneously sued as "Mortgage Electronic

4  Registration Systems aka MERS") (collectively as "Defendants") will move this

5  Court to dismiss Plaintiff Armando Solis' ("Plaintiff") First Amended Complaint

6  pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) for failure to state a claim upon which

7  relief may be granted.

8      This motion is made on the grounds that Plaintiff has failed to state a claim

9  for each of his causes of action.  This motion is directed to the First Amended

10  Complaint in its entirety and each of the alleged ten (10) causes of action

11  individually.

12      This motion is based upon this Notice, the attached Memorandum of Points

13  and Authorities, the concurrently filed Request for Judicial Notice, pleadings and

14  records on file herein, and such further written and oral evidence as may be

15  presented at the time of hearing.

16      This motion is brought pursuant to LR 7-3.  The parties met and conferred

17  regarding the instant motion on January 22, 2014.

18

19  DATED: January 30, 2014          Respectfully submitted,
20                                   MCGUIREWOODS LLP

21

22                                   By:    /s/ Lila Y. Al-Marhoon
23                                          Lila Y. Al-Marhoon
                                     Attorneys for Defendants
24                                   COUNTRYWIDE HOME LOANS, INC.;
                                     BANK OF AMERICA, N.A.;
25                                   RECONTRUST COMPANY, N.A.; and
                                     MORTGAGE ELECTRONIC
26                                   REGISTRATION SYSTEMS, INC.
                                     (erroneously sued as "Mortgage Electronic
27                                   Registration Systems aka MERS")

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

<u>Page</u>

I.    INTRODUCTION ..................................................................1

II.   STANDARD ON MOTION TO DISMISS ......................................2

III.  THE COMPLAINT IS GLOBALLY DEFECTIVE.........................2

    A.    Plaintiff's Claims Are Time-Barred..................................2

    B.    Plaintiff's Claims Fail For Lack Of Tender.............................3

IV.  PLAINTIFF'S CLAIMS FAIL INDIVIDUALLY .........................5

    A.    Plaintiff's First Cause Of Action For Unconscionability Fails ..............5

    B.    Plaintiff's California Financial Code Claims Fail ..................6

    C.    Plaintiff's Fraudulent Concealment Claim Fails ..................7

    D.    Plaintiff's Fourth Cause Of Action For Breach Of the Covenant of Good Faith And Fair Dealing Fails ..................9

    E.    Plaintiff's Fifth Cause Of Action For RESPA Violations Fails ............9

    F.    Plaintiff's Sixth Cause Of Action For TILA Violations Fails..............10

    G.    Plaintiff's Seventh Cause Of Action For Violation of California's Unfair Competition Law Fails ................10

    H.    Plaintiff's Eighth Cause Of Action For Slander Of Title Fails ...........12

    I.    Plaintiff's Ninth and Tenth Causes Of Action For Violations of Cal. Civ. Code §§ 1159 And 1160 Fail..................13

V.    CONCLUSION ..................................................................13

1
2

# TABLE OF AUTHORITIES

**Page(s)**

3

FEDERAL CASES

4
5

*Allen v. United Fin. Mortgage. Corp.*(N.D. Cal. 2009)
     660 F. Supp. 2d 1089.................................................................. 10

6
7

*Ashcroft v. Iqbal* (2009)
     129 S.Ct. 1937 ........................................................................... 2

8
9

*Bell Atlantic Corp. v. Twombly* (2007)
     550 U.S. 544 .............................................................................. 2

10
11

*Bloom v. Martin* (N.D. Cal. 1994)
     865 F. Supp. 1377....................................................................... 10

12

*Davis v. Capitol Records, LLC* (N.D. Cal. 2013)
     2013 U.S. Dist. LEXIS 55917 .................................................... 8

13
14

*Desaigoudar v. Meyercord* (9th Cir. 2000)
     223 F.3d 1020 ............................................................................ 8

15
16

*Durning v. First Boston Corp.* (9th Cir. 1987)
     815 F.2d 1265 ............................................................................ 2

17
18

*Fortaleza v. PNC Fin. Servs. Group, Inc.* (N.D. Cal. 2009)
     642 F. Supp. 2d 1012.................................................................. 9

19
20

*Harris v. Wells Fargo Bank, N.A.* (N.D. Cal. 2013)
     2013 U.S. Dist. LEXIS 61847 .................................................... 8

21
22

*Hartman v. Deutsche Bank Nat'l Trust Co.* (E.C.P.A. 2008)
     2008 U.S. Dist. LEXIS 59136 .................................................... 10

23
24

*Jablon v. Dean Witter & Co.*(9th Cir. 1980)
     614 F.2d 677 .............................................................................. 3

25

*Meyer v. Ameriquest Mortg. Co.* (9th Cir. 2003)
     342 F.3d 899 .............................................................................. 3

26
27

*Miguel v. Country Funding Corp.* (9th Cir. 2002)
     309 F.3d 1161 ............................................................................ 3

28

*Montoya v. Countrywide Bank, F.S.B.* (N.D. Cal. 2009)
   2009 U.S. Dist. LEXIS 53920 ........................................................................ 10

*Navarro v. Block* (9th Cir. 2001)
   250 F.3d 729 .................................................................................................... 2

*Nguyen v. Wells Fargo Bank, N.A.* (N.D. Cal. 2010)
   749 F. Supp. 2d 1022 ....................................................................................... 5

*Pension Trust Fund v. Fed. Ins. Co.* (9th Cir. 2002)
   307 F.3d 944 .................................................................................................... 9

*Perez-Encinas v. AmerUs Life Ins. Co.* (N.D. Cal. 2006)
   468 F.Supp. 2d 1127 ........................................................................................ 2

*Plastino v. Wells Fargo Bank* (N.D. Cal. 2012)
   2012 U.S. Dist. LEXIS 79342 .......................................................................... 9

*Richards v. Bank of Am., N.A.* (N.D. Cal. Aug. 13, 2010)
   2010 U.S. Dist. LEXIS 92389 ........................................................................ 12

*Stamas v. Cnty. of Madera* (E.D. Cal. 2011)
   795 F.Supp.2d 1047 ....................................................................................... 12

*Ward v. Wells Fargo Bank, N.A.* (E.D. Cal. June 16, 2011)
   2011 U.S. Dist. LEXIS 63725 .......................................................................... 9

**CALIFORNIA CASES**

*Abdallah v. United Savs. Bank* (1996)
   43 Cal. App. 4th 1101 ................................................................................. 3, 4

*Armendariz v. Foundation Health Psychare Services, Inc.* (2000)
   24 Cal.4th 83 .............................................................................................. 5, 7

*Arnolds Mgmt. Corp. v. Eischen* (1994)
   158 Cal. App. 3d 575 ....................................................................................... 4

*Bruni v. Didion* (2008)
   160 Cal.App.4th 1272 ...................................................................................... 5

*Das v. Bank of Am., N.A.* (2010)
   186 Cal.App.4th 727 ........................................................................................ 8

*Discover Bank v. Superior Court* (2005)
    36 Cal.4th 148.................................................................................5

*Girard v. Delta Towers Joint Venture* ( 1993)
    20 Cal.App.4th 1741.....................................................................8

*Humboldt Sav. Bank v. McCleverty* (1911)
    161 Cal. 285..................................................................................4

*Kachlon v. Markowitz* (2008)
    168 Cal.App.4th 316...................................................................12

*Khoury v. Maly's of California* (1993)
    14 Cal. App. 4th 612...................................................................11

*Krantz v. BT Visual Images* (2001)
    89 Cal. App. 4th 164...................................................................11

*Lazar v. Super. Ct.* (1996)
    12 Cal.4th 631...............................................................................8

*Nymark v* v. *Heart Fed. Savings & Loan Assn.* (1991)
    237 Cal.App.3d 1089 1096...........................................................8

*Onofrio v. Rice* (1997)
    55 Cal.App.4th 413.......................................................................4

*Pac. State Bank v. Greene* (2003)
    110 Cal.App.4th 375.....................................................................6

*Pasadena Live, LLC v. City of Pasadena* (2004)
    114 Cal.App.4th 1089...................................................................9

*Podolsky v. First Healthcare Corp.* (1996)
    50 Cal. App. 4th 632...................................................................11

*Robertson v. Superior Court* (2001)
    90 Cal.App.4th 1319.....................................................................3

*Schulz v. Neovi Data Corp.* (2007)
    152 Cal. App. 4th 86...................................................................11

*Smith v. Commonwealth Land Title Ins. Co.* (1986)
    177 Cal.App.3d 625.....................................................................12

*Tarmann v. State Farm Mut. Auto. Ins. Co*. (1991)
    2 Cal.App.4th 153 ................................................................................ 8

*U.S. Cold Storage v. Great Western Sav. & Loan Ass'n.* (1985)
    165 Cal.App.3d 1214 .................................................................... 1, 4

**FEDERAL STATUTES**

12 U.S.C. § 2614 .................................................................................... 2, 3

15 U.S.C. §§ 1635(f) .................................................................................. 3

15 U.S.C. § 1641(f) .................................................................................. 10

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................... 11

Cal. Bus. & Prof. Code § 17204 ............................................................... 11

Cal. Bus. Prof. Code §§ 17200 and 17500 ................................................. 7

Cal. Civ. Code § 47(c) ............................................................................. 12

Cal. Civ. Code §1159 ................................................................................. 3

Cal. Civ. Code § 1160 .............................................................................. 13

Cal. Civ. Code § 1670.5 ......................................................................... 5, 6

Cal. Civ. Code § 1695.13 ........................................................................... 7

Cal. Civ. Code § 17208 .............................................................................. 3

Cal. Civ. Proc. Code § 337(1) .................................................................... 2

Cal. Civ. Proc. Code § 338(d) .................................................................... 2

Cal. Civ. Proc. Code § 343 ..................................................................... 2, 3

Cal. Fin. Code § 4973 ................................................................................ 6

Cal. Fin. Code §§ 4973, 22000, and 50000 ............................................... 6

Cal. Fin. Code § 50204 .............................................................................. 7

1

**OTHER AUTHORITIES**

2

Fed. R. Civ. P. Rule 9(b) ............................................................................. 8

3

Fed. R. Civ. P. Rules 9(b) and 12(b)(6) ....................................................... 1

4

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................... 2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This lawsuit represents Plaintiff Armando Solis' attempt to delay the foreclosure sale of real property located at 26855 Eagle Run Street, Corona, California (the "Property").  To that end, he sues Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively herein as "Defendants"), alleging that each had a duty to protect Plaintiff from his own poor judgment in seeking out a loan that he ultimately could not afford.  Plaintiff is mistaken.

The First Amended Complaint ("FAC") is scant on factual information.  It appears that Plaintiff received a loan in January 2005 from America's Wholesale Lender.  (Defendants' Request for Judicial Notice, "RJN", Exhibit "A"; FAC, ¶ 17).  The loan was modified in August 2008.  (FAC, ¶ 22).  Plaintiff ultimately defaulted on his modified loan obligations, and Defendants foreclosed.  (FAC, ¶¶ 22 – 24).

It is unclear from the FAC if Plaintiff is complaining about the terms of the loan he received in 2005, or the terms of the loan modification he received in 2008.  Nevertheless, as this suit takes place over four years after the modification, Plaintiff's claims are time-barred.  Further, Plaintiff was charged with reading and understanding the terms of each document he signed in connection with the subject loan.

Moreover, Plaintiff is precluded from challenging the foreclosure sale as he has not tendered the amount due on the loan.  *U.S. Cold Storage v. Great Western Sav. & Loan Ass'n.,* 165 Cal.App.3d 1214, 1225 (1985).

As Plaintiff's Complaint fails to properly allege a single, sufficient claim for relief under Federal Rules of Civil Procedure 9(b) and 12(b)(6), it must be dismissed as a matter of law.

/ / /

## II.   <u>STANDARD ON MOTION TO DISMISS</u>

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss tests the legal sufficiency of the Complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rather, Plaintiff must allege sufficient facts to state a claim that is "plausible on its face…allow[ing] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When considering a motion to dismiss, the Court should also disregard allegations that are contradicted by exhibits to the complaint or by documents referred to therein and considered pursuant to judicial notice. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## III.   <u>THE COMPLAINT IS GLOBALLY DEFECTIVE</u>

### A.   <u>Plaintiff's Claims Are Time-Barred</u>

Each of Plaintiff's claims ultimately points to purported malfeasance by Defendants at the time of either loan origination in 2005 or loan modification in 2008. Even assuming that each claim relates to conduct at the time of the loan modification, the applicable statute of limitations renders the majority of the claims time-barred:

- <u>First Cause Of Action For Unconscionability</u>: Four-years. *See Cal. Code Civ. Proc.* § 343.
- <u>Third Cause Of Action For Fraudulent Concealment</u>: Three years. *See Cal. Code Civ. Proc.* § 338(d).
- <u>Fourth Cause Of Action Breach Of Good Faith And Fair Dealing</u>: Four years. *See Cal. Code of Civ. Proc.* § 337(1); *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F.Supp. 2d 1127, 1133-34 (N.D.Cal. 2006).
- <u>Fifth Cause Of Action For Violation Of RESPA</u>: One year if the purported violations relate to kickbacks and unearned fees. *See* 12 U.S.C. § 2614.

1   Three years for all other purported violations of RESPA.  *Id.*

2   • Sixth Cause Of Action For Violation Of TILA:  Claims for rescission under

3       TILA must be brought within three years of the claimed violation.  Claims for

4       damages are subject to a one year statute of limitations, also running from the

5       date of the violation.  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v.*

6       *Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).  The date of the

7       violation refers to the date "the loan documents were signed." *Meyer v.*

8       *Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th Cir. 2003).

9   • Seventh Cause Of Action For Violations Of California's Unfair Competition

10      Law:  Four years.  *See Cal. Civ. Code* § 17208.

11  • Eighth Cause Of Action For Slander Of Title:  Four years.  *See Cal. Code*

12      *Civ. Proc.* § 343; *Robertson v. Superior Court*, 90 Cal.App.4th 1319, 1326-27

13      (2001).

14  For this reason alone, Plaintiff's Complaint fails and is subject to dismissal

15  with prejudice.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)

16  (noting that where the facts and dates alleged in the Complaint indicate that a claim

17  is barred by the statute of limitations, a motion to dismiss for failure to state a claim

18  lies because the action is time barred).

19  **B.   Plaintiff's Claims Fail For Lack Of Tender**

20  Plaintiff alleges that "he is not required to tender the amount in default

21  because he is challenging the underlying debt and it would be inequitable to require

22  tender."  (FAC, ¶ 28).  While Plaintiff correctly notes an exception to the tender

23  rule, he incorrectly alleges that it applies to the instant factual matrix.

24  Standing to challenge an impending foreclosure sale for irregularities requires

25  an allegation of tender.  *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101,

26  1109 (1996).  The tender requirement extends to any claim "implicitly integrated"

27  with the foreclosure.  *See Abdallah*, 43 Cal. App. 4th 1101 at 1109.  A claim is

28  "implicitly integrated" with the foreclosure sale if it challenges and/or seeks

3                                    Case No. 2:13-cv-04388-JFW-JEM

damages relating to any aspect of the foreclosure process. *Id.* The rationale underlying this rule is simple. If a plaintiff who has defaulted cannot pay the full amount due under the loan to redeem the property, enjoining the foreclosure sale "is nothing but an idly and expensive futile act." *Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 579 (1994). Enjoining foreclosure sales without requiring an allegation of tender "would permit plaintiffs to state a cause of action without the necessary element of damages." *See id* at 580.

Each cause of action is implicitly integrated with the pending foreclosure proceedings; indeed, Plaintiff has filed suit in an attempt to stop the pending trustee's sale, and to that end, has alleged a myriad of purported improprieties at loan origination and/or modification that are purportedly a bar to foreclosing on the property. (*See generally*, FAC.) Plaintiff does not allege he has tendered or is currently ready, willing, and able to tender the entire amount due. (*Id.*)

Further, the equitable exception to the tender rule noted by Plaintiff is applied only in limited circumstances, such as when a party is in no way liable for the outstanding debt. *See Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 291 (1911); *Onofrio v. Rice*, 55 Cal.App.4th 413 (1997). In *Onofrio,* the Court appeared to excuse tender where property had been foreclosed by the trustor's own foreclosure consultant, who owed the trustor a fiduciary duty. Here, Plaintiff cannot reasonably allege that he was never liable for the debt which forms the basis of the instant foreclosure sale (as in *Humbodlt*). Plaintiff also cannot reasonably allege that the foreclosure was engineered by Plaintiff's fiduciary, who purchased at the foreclosure sale after having been retained to assist Plaintiff in avoiding foreclosure (as in *Onofrio*).

As Plaintiff's situation bears no resemblance to these limited factual scenarios, there is no available "equitable" exception to the tender rule in this instance. Accordingly, Plaintiff lacks standing to challenge the foreclosure proceedings and his entire complaint should be dismissed with prejudice. *See U.S.*

1   *Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985).

2   **IV.   PLAINTIFF'S CLAIMS FAIL INDIVIDUALLY**

3       If the Court is inclined to disregard the fact that Plaintiff's claims are time-

4 barred and fail for lack of tender, Plaintiff's claims must still be dismissed as they

5 fail as a matter of law for a myriad of other reasons.

6       **A.   Plaintiff's First Cause Of Action For Unconscionability Fails**

7       Plaintiff's unconscionability claim is alleged against Defendants BANA and

8 Countrywide only.  The claim fails for several reasons.  First, unconscionability is

9 not a recognized claim under California law, but rather a defense to enforcement of

10 a contract.  *See Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1037

11 (N.D. Cal. 2010) ("Plaintiff's . . . claim for unconscionability under *Civ. Code* §

12 1670.5 is a defense to the enforcement of a contract.")  As Defendant has not filed

13 suit to enforce the DOT, Plaintiff cannot raise an offensive claim based on

14 unconscionability.

15       Second, even if Plaintiff could assert an unconscionability claim, he must

16 plead a proper cause of action.  California courts have interpreted the term

17 "unconscionable" to include both procedural and substantive elements.  *See*

18 *Armendariz v. Foundation Health Psychare Services, Inc.,* 24 Cal.4th 83, 114

19 (2000).  The procedural element focuses on oppression and surprise.  *Discover Bank*

20 *v. Superior Court,* 36 Cal.4th 148, 160 (2005).  "Oppression" means an inequality of

21 bargaining power resulting in an absence of meaningful choice.  *Bruni v. Didion,*

22 160 Cal.App.4th 1272, 1288 (2008).  "'Surprise' involves the extent to which the

23 supposedly agreed-upon terms of the bargain are hidden in a prolix printed form

24 drafted by the party seeking to enforce the disputed terms."  *Id*. at 1289.  The

25 substantive element of unconscionability "focuses on the actual terms of the

26 agreement and evaluates whether they create 'overly harsh' or 'one-sided' results as

27 to 'shock the conscience.'"  *Id.*

28       Here, Plaintiff does not allege procedural unconscionability.  Plaintiff does

not and cannot allege that he lacked bargaining power or the ability to simply walk away from the Deed of Trust at origination in 2005 or the loan modification offered to him in 2008.  (FAC ¶¶ 30 – 37.)  Plaintiff could have applied for a loan with other lenders and could have asked to be considered for a loan with different terms.

Plaintiff also does not allege hidden loan terms.  (FAC ¶¶ 30 – 37.)  Nor can he, as all terms were disclosed in the Deed of Trust, and Plaintiff had a duty to read and understand the terms of the Deed of Trust prior to executing the document. *Pac. State Bank v. Greene,* 110 Cal.App.4th 375, 393 (2003) (stating "a party who signs a contract cannot complain of unfamiliarity with the language of the instrument."). Accordingly, there is no oppression or surprise, and therefore no procedural unconscionability.

Similarly, Plaintiff fails to allege substantive unconscionability because he fails to specifically allege the Deed of Trust terms that were purportedly unconscionable.  (*Id.*)  For all of these reasons, the claim fails.

### B.    Plaintiff's California Financial Code Claims Fail

Plaintiff alleges that BANA and Countrywide engaged in purportedly predatory conduct during the loan origination and servicing process, such that BANA and Countrywide violated Cal. Fin. Code §§ 4973, 22000, and 50000. (FAC, ¶¶ 38 – 50).  Plaintiff's allegations fail to satisfy the requirements of the statutes.

The California Financial Code applies to "covered loans" and has a specific list of "prohibited acts and limitations for covered loans."  *See* Cal. Fin. Code § 4973.

Plaintiff alleges that Countrywide and BANA violated the California Financial Code because, pursuant to Cal. Civil Code § 1670.5, the terms of the loan were unconscionable (*See* FAC ¶¶ 39 – 41.)  Notwithstanding his failure to state an actual claim under the California Financial Code, Plaintiff does not specify which of the Loan terms he contends were unconscionable.  Further, as discussed in

greater detail herein, Plaintiff does not allege oppression, an inequality of bargaining power, or lack of meaningful choice which, along with unconscionable loan terms, is necessary to state a claim of unconscionability.  *See Armendariz v. Foundation Health Psychare Services, Inc*., 24 Cal. 4th 83, 114 (2000) (noting that a claim of unconscionability requires a showing of procedural and substantive elements).  As a result, Plaintiff does not allege an unconscionability claim, let alone a claim under the California Financial Code.

Plaintiff also alleges, pursuant to Cal. Fin. Code § 50204, that Defendants violated the California Financial Code by: (1) engaging in fraudulent home mortgage practices; (2) violating Cal. Bus. Prof. Code §§ 17200 and 17500; and (3) violating Cal. Civ. Code § 1695.13 (for "payments well beyond Plaintiff's ability to afford.") (*See* FAC ¶ 42.)  Again, these allegations do not state claims under the California Financial Code.  First, as discussed herein, the first two claims are without merit.  As to the third claim regarding Cal. Civ. Code § 1695.13, this provision makes it "unlawful for any person to initiate, enter into, negotiate, or consummate any transaction involving residential real property *in foreclosure* . . . if such person, *by the terms of such transaction*, takes unconscionable advantage of the property owner in foreclosure."  Cal. Civ. Code § 1695.13 (emphasis added). Clearly, Plaintiff's statement that this section was violated by "payments well beyond Plaintiff's ability to afford" does not state a claim pursuant to Cal. Civ. Code § 1695.13 because those payments were not negotiated while the Property was "in foreclosure."  Moreover, and as noted *supra*, Plaintiff does not allege unconscionable loan terms.  It follows that Plaintiff's claim fails and should be dismissed, with prejudice.

## C.    Plaintiff's Fraudulent Concealment Claim Fails

Plaintiff's third cause of action for fraudulent concealment is against Countrywide and BANA, and alleges that Defendants concealed "material terms of [Plaintiff's] loan with the intent of defrauding him."  (FAC, ¶ 53).  The claim fails.

1  First, per Fed. R. Civ. P. 9(b), circumstances constituting fraud must be stated

2  "with particularity." *See* Fed. R. Civ. P. 9(b) ("Rule 9(b)"); *Desaigoudar v.*

3  *Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). "[I]n a fraud action against a

4  corporation [Plaintiff is required] to allege the names of the persons who made the

5  allegedly fraudulent representations, their authority to speak, to whom they spoke,

6  what they said or wrote and when it was said or written." *Harris v. Wells Fargo*

7  *Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, *33 (N.D. Cal. 2013) (citing *Tarmann v.*

8  *State Farm Mut. Auto. Ins. Co*., 2 Cal.App.4th 153, 157 (1991)).  Allegations of

9  fraud must be specific enough to give a defendant notice of the particular

10 misconduct so that it can defend against the charges and not simply deny that they

11 have done anything wrong.  *See Davis v. Capitol Records, LLC,* 2013 U.S. Dist.

12 LEXIS 55917, *14-15 (N.D. Cal. 2013) (citing *Lazar v. Super. Ct.* 12 Cal.4th 631,

13 645 (1996)).

14  Here, Plaintiff has not pleaded any of the requisite elements of a fraud claim,

15 and what Plaintiff has pleaded does not rise to the requisite level of specificity under

16 Rule 9(b).  (FAC, ¶¶ 51 – 68).  For this reason alone, Plaintiff's fraud claim fails.

17  Moreover, a claim for fraudulent concealment requires a duty of disclosure

18 arising out of a special relationship.  California courts have consistently refused to

19 extend the "'special relationship' doctrine to include ordinary commercial

20 contractual relationships…" *Girard v. Delta Towers Joint Venture* 20 Cal.App.4th

21 1741, 1749 (1993).  As a general rule, a borrower cannot justifiably rely on the

22 lender to act in his best interest because lenders owe no duty to borrowers in the

23 usual arm's length loan transaction.  *See Nymark v* v. *Heart Fed. Savings & Loan*

24 *Assn.* 237 Cal.App.3d 1089 1096 (1991).  "[A] commercial lender is not to be

25 regarded as the guarantor of a borrower's success and is not liable for the hardships

26 which may befall a borrower." *Das v. Bank of Am., N.A.* 186 Cal.App.4th 727, 740

27 (2010).

28  For all of these reasons, Plaintiff's third claim is subject to dismissal with

prejudice.

**D.   Plaintiff's Fourth Cause Of Action For Breach Of the Covenant of Good Faith And Fair Dealing Fails**

In Plaintiff's fourth cause of action, he alleges that BANA, Countrywide, and MERS purportedly breached the implied covenant of good faith and fair dealing as it relates to the Deed of Trust.  The claim fails.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.,* 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009). "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Ward v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 63725 (E.D. Cal. June 16, 2011) (quoting *Pasadena Live, LLC v. City of Pasadena,* 114 Cal.App.4th 1089, 1093-94 (2004)); *see also Pension Trust Fund v. Fed. Ins. Co.,* 307 F.3d 944, 955 (9th Cir. 2002). "[T]o state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 79342, *30 (N.D. Cal. 2012).

Here, Plaintiff fails to allege which specific contractual provision of the Deed of Trust was purportedly frustrated.  (FAC, ¶¶ 69 – 77).  The conduct complained of by Plaintiff does not reference any contractual provision contained in the Deed of Trust.  (FAC, ¶¶ 74 – 76).  For this reason, the claim fails.

**E.   Plaintiff's Fifth Cause Of Action For RESPA Violations Fails**

Plaintiff alleges that BANA and Countrywide violated RESPA by charging "excessive closing costs and fees including a yield spread premium."  (FAC, ¶¶ 78 – 85).  The claim fails as a matter of law.

"The structure of RESPA's various statutory provisions indicates that

1   Congress did not intend to create a private right of action for purported RESPA

2   violations." *See Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994);

3   *Montoya v. Countrywide Bank, F.S.B.*, 2009 U.S. Dist. LEXIS 53920 (N.D. Cal.

4   2009). "The absence of a private right of action for purported RESPA violations

5   dooms a purported RESPA claim based on disclosure violations." *Bloom*, 865 F.

6   Supp. at 1384.

7         Moreover, RESPA provides relief for damages only when the damages are

8   pecuniary in nature. *See Allen v. United Fin. Mortgage. Corp*., 660 F. Supp. 2d

9   1089, 1097 (N.D. Cal. 2009). Here, Plaintiff does not allege pecuniary damages or a

10  causal connection between the alleged RESPA violations and any purported

11  damage. ( FAC, ¶¶ 78 – 85).  If Plaintiff has suffered any damages, it is due to his

12  own failure to pay his monthly mortgage obligations and not due to any alleged act

13  or omission of Defendants.

14        **F.     Plaintiff's Sixth Cause Of Action For TILA Violations Fails**

15        Plaintiff alleges his TILA claim against BANA only.  (FAC, ¶¶ 86 – 96).

16  BANA is the currently servicer of the loan.  (FAC, ¶ 5).  TILA does not apply to

17  loan servicers and Plaintiff's claim fails.

18        Under TILA, 15 U.S.C. § 1641(f), "a servicer of a consumer obligation

19  arising from a consumer credit transaction shall **not** be treated as an assignee of such

20  obligation for purposes of this section [as an assignee] unless the servicer is or was

21  the owner of the obligation." (emphasis added).  Accordingly, BANA cannot be

22  held liable for any alleged TILA violations.  *See Hartman v. Deutsche Bank Nat'l*

23  *Trust Co.*, 2008 U.S. Dist. LEXIS 59136, *7-8 (E.D.P.A. 2008).

24        Plaintiff's sixth claim therefore fails as a matter of law and should be

25  dismissed with prejudice.

26        **G.     Plaintiff's Seventh Cause Of Action For Violation of California's**

27               **Unfair Competition Law Fails**

28        Plaintiff's UCL claim is alleged against all Defendants.   The UCL defines

unfair competition as "any unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition--acts or practices which are unlawful, or unfair, or fraudulent. 'In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa.'" *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).

A plaintiff alleging a § 17200 violation must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619 (1993). Furthermore, a UCL claim is predicated entirely upon a violation of other statutory or common law claims. *Krantz v. BT Visual Images,* 89 Cal. App. 4th 164, 178 (2001). Thus, a UCL claim stands or falls depending on the fate of antecedent substantive causes of action. *Id.* Plaintiff's UCL claim must fail because it is premised on unsubstantiated violations as pled throughout the FAC. As discussed herein, each of Plaintiff's underlying claims fail. Consequently, Plaintiff fails to state a claim for UCL violations.

Further, Plaintiff's UCL claim, alleged against all Defendants, fails because he has not demonstrated standing to assert such a claim. In order for a plaintiff to have standing to assert a UCL claim under § 17200, he "must allege that [he has] suffered an 'injury in fact' and [has] lost money or property as a result of the unfair competition." *Cal. Bus. & Prof. Code* § 17204. More importantly, where a plaintiff alleges a UCL violation against multiple defendants, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of *each* defendant. *See Schulz v. Neovi Data Corp.,* 152 Cal. App. 4th 86, 92 (2007).

Here, Plaintiff does not allege any injury arising out of the unlawful, unfair, or fraudulent conduct of the Defendants. Plaintiff does not indicate any such "concrete and particularized" legal interest that would amount to an injury in fact caused solely by acts of the Defendants.

1   Rather, Plaintiff received the benefit of his bargain – a loan to finance the
2   purchase of the subject Property.  The Deed of Trust expressly provides that upon
3   default Defendants may foreclose.  (RJN, Exh. "A".)  Plaintiff's purported loss is a
4   direct consequence of his failure to make timely mortgage payments pursuant to the
5   Deed of Trust, not any unfair competition by Defendants.  Accordingly, the claim
6   fails.

7   **H.    Plaintiff's Eighth Cause Of Action For Slander Of Title Fails**

8   Plaintiff's eighth cause of action, alleged against all Defendants, argues that
9   Defendants slandered Plaintiff's title by recording the documents necessary to
10  properly conduct a non-judicial foreclosure in California.  (Complaint, ¶¶ 113 –
11  120).  The claim fails as a matter of law, as such conduct is privileged.

12  A claim for slander of title requires: (1) publication; (2) falsity; (3) absence of
13  privilege; and (4) "disparagement of another's land which is relied upon by a third
14  party and which results in a pecuniary loss."  *Smith v. Commonwealth Land Title
15  Ins. Co.*, 177 Cal.App.3d 625, 630 (1986); *Stamas v. Cnty. of Madera*, 795
16  F.Supp.2d 1047, 1067 (E.D. Cal. 2011).

17  "[A] privilege, either absolute or qualified, is a defense to a charge of slander
18  of title."  *Smith*, 177 Cal.App.3d at 630.  The statutorily required mailing,
19  publication, and delivery of notices in non-judicial foreclosure, and the performance
20  of statutory non-judicial foreclosure procedures, are privileged communications
21  under the qualified common interest privilege of *Civ. Code* § 47(c).  *Kachlon v.
22  Markowitz*, 168 Cal.App.4th 316, 333 (2008).  "Any notice or communication that is
23  issued in the course of performing duties related to the non-judicial foreclosure sale
24  is privileged and not actionable."  *Richards v. Bank of Am., N.A.*, 2010 U.S. Dist.
25  LEXIS 92389, (N.D. Cal. Aug.13, 2010).

26  For this reason, Plaintiff's eighth cause of action is subject to dismissal with
27  prejudice.

28  / / /

**I.**    **Plaintiff's Ninth and Tenth Causes Of Action For Violations of Cal.**
**Civ. Code §§ 1159 And 1160 Fail**

Plaintiff's ninth cause of action is asserted against BANA, Countrywide, and co-defendant Safeguard.  Plaintiff alleges that Defendant's conduct in placing a lockbox on the Property constituted an unlawful forcible entrance onto his property, in violation of Cal. Civ. Code § 1159.  In Plaintiff's tenth cause of action, he alleges in the alternative that the lockbox amounted to a forcible detainer, in violation of Cal. Civ. Code § 1160.  Not so.

By Plaintiff's own admission, he is in default pursuant to the terms of the loan that he signed for.  (FAC, ¶ 24).  Per the Deed of Trust, Defendants may foreclose on the Property upon Plaintiff's default and may enter the Property  indeed changing locks is specifically contemplated as appropriate conduct. (RJN, Ex. "A, Sec. 9).  As discussed herein, Plaintiff is charged with understanding the terms of the loan he signed for at loan origination.  Plaintiff cannot feign ignorance of these terms in order to support his claims.  Accordingly, the claims fail.

**V.    CONCLUSION**

For the reasons discussed herein, Defendants respectfully request that their Motion to Dismiss be granted in its entirety, with prejudice.

DATED: January 30, 2014        Respectfully submitted,
                               MCGUIREWOODS LLP


                               By:    _/s/ Lila Y. Al-Marhoon_
                                      Lila Y. Al-Marhoon
                               Attorneys for Defendants
                               COUNTRYWIDE HOME LOANS, INC.;
                               BANK OF AMERICA, N.A.;
                               RECONTRUST COMPANY, N.A.; and
                               MORTGAGE ELECTRONIC
                               REGISTRATION SYSTEMS, INC.
                               (erroneously sued as "Mortgage Electronic
                               Registration Systems, Inc. aka MERS")

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On January 30, 2014, I served the following document(s) described as **COUNTRYWIDE, BANA, RECONTRUST, AND MERS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Romine Law Office | Attorneys for Plaintiff |
| 655 North Central Ave., Suite 1700 | ARMANDO SOLIS |
| Glendale, CA 91203 | |
| Tel: (818) 649-7589 | |
| Fax: (866) 372-2579 | |

☒ **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013(a)(3))

☒ **ELECTRONICALLY VIA THE COURT'S CM/ECF SYSTEM**

☐ **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 30, 2014, at Los Angeles, CA.

_/s/ Mark Betti_____
Mark Betti