1  ROMINE LAW OFFICE (SBN #269755)
   655 N. Central Ave., Suite 1700
2  Glendale, CA 91203
3  Phone: (818) 649-7589
   Fax: (866) 372-2579
4  Email: tiffany@rominesadvice.com

5  Attorney for Plaintiff ARMANDO SOLIS

6

7

8          IN AND FOR THE UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 ARMANDO SOLIS, an individual,        Case No.: CV13-04388 JFW (JEM)

12               Plaintiff,
                                        *[Assigned to Honorable Judge John F. Walter]*
13         vs.
                                        PLAINTIFF'S      OPPOSITION      TO
14                                      DEFENDANTS' COUNTRYWIDE HOME
                                        LOANS, INC., BANK OF AMERICA,
15                                      RECONTRUST    COMPANY,    NA  and
   COUNTRYWIDE   HOME  LOANS,   INC.;   MORTGAGE           ELECTRONIC
16 BANK    OF    AMERICA,    N.A.;      REGISTRATION    SYSTEMS,    INC.
   RECONTRUST   COMPANY,    N.A.;       MOTION TO DISMISS FIRST AMENDED
17 MORTGAGE        ELECTRONIC           COMPLAINT
   REGISTRATION SYSTEMS AKA MERS ;
18 SAFEGUARD  PROPERTIES,   LLC.;  and
   DOES 1-10 INCLUSIVE,
19                                      Hearing Date: March 3, 2014
20               Defendants.            Time: 1:30 p.m.
                                        Courtroom: 16
21

22

23

24

25 / / /

26                                        i
27     PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF
       AMERICA, RECONTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION
28         SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that on March 3, 2014, Plaintiff, by and through his attorney of record, will and hereby does oppose Defendants' Motion to Dismiss the First Amended Complaint. Plaintiff's opposition will be based on the Memorandum of Points and Authorities, the entire record, and any oral argument that may be presented.

Dated: February 18, 2014

/s/_____
Tiffany N. Romine
Attorney for Plaintiff ARMANDO SOLIS

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

## TABLE OF CONTENTS

2

### MEMORANDUM OF POINTS AND AUTHORITIES

3    I.   FACTUAL AND PROCEDURAL BACKGROUND.................................................. 1

4    II.  STANDARD OF REVIEW ................................................................................ 2

5
     III. PLAINTIFF'S FIRST AMENDED COMPLAINT IS NOT DEFECTIVE............................ 3
6
          A.  THE DOCTRINE OF EQUITABLE TOLLING SHOULD APPLY TO ANY
7              TIME-BARRED CLAIMS. ...................................................................... 3

8         B.  PLAINTIFF HAS PROPERLY ALLEGED THAT A TENDER EXCEPTION .......... 4

9         APPLIES. ................................................................................................ 4

10
     IV.  PLAINTIFF HAS ALLEGED CLAIMS UPON WHICH RELIEF MAY BE
11        GRANTED. ...................................................................................................... 5

12        A.  PLAINTIFF IS ENTITLED TO RELEIF FROM HIS UNSCONSCIONABLE
               LOANS. .............................................................................................. 5
13
          B.  PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION UNDER CA FIN.
14             CODE §§22000, et and 50000, et seq. ................................................ 8

15        C.  PLAINTIFF HAS ALLEGED A CLAIM FOR FRAUDULENT
16             CONCEALMENT ................................................................................. 9

17        D.  PLAINTIFF IS ENTITLED TO RELEIF FOR DEFENDANTS' BREACH OF
               GOOD FAITH & FAIR DEALING .......................................................... 11
18
          E.  PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION UNDER RESPA. ...... 12
19
          F.  PLAINTIFF HAS ALLEGED A VIOLATION UNDER TILA............................... 12
20
          G.  PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION OF BUSINSS &
21             PROFESSIONS VIOLATION 17200. ..................................................... 13

22        H.  PLAINTIFF HAS ALLEGED A CLAIM FOR SLANDER OF TITLE .................... 14

23        I.  PLAINTIFF IS ENTITLED TO RELIEF FOR DAMAGES CAUSED BY
24             DEFENDANTS' FORCIBLE ENTRY ...................................................... 15

25   V.   CONCLUSION ................................................................................................ 16

26
27

1
2
3

**TABLE OF AUTHORITIES**

4

<u>Cases</u>

5
6

202 Cal. App. 4th at 108.................................................................................................... 6

*Altman vs. PNC Mortgage,* 2012 U.S. Dist. LEXIS 6460, 57-58 (E.D. Cal. Jan. 19, 2012) ........... 3

*Ass'n of Irritated Residents v. Fred Schakel Dairy*, 2008 U.S. Dist. LEXIS 25257, 16-17 (E.D. Cal. Mar. 28, 2008) ............................................................................................................1, 2

*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267.................................................. 13

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).......... 10

*Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 837....................... 13

*FDIC v. Freestand Fin. Holding Corp.*, 2011 U.S. Dist. LEXIS 90725 *5 (C.D. Cal. Aug. 15, 2011) .......................................................................................................................... 10

*Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571, 579 (Cal.App.1stDist.2007)......................... 6

*Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). ................................... 2

*Glass v. Najafi*, 78 Cal. App. 4th 45, 48-49 (Cal. App. 1st Dist. 2000)..................................15

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)................... 2

*Holland v. Pendleton Mtge. Co.* (1943) 61 Cal.App.2d 570, 577–578 [143 P.2d 493] ................... 4

*Humboldt Sav. Bank vs. McCleverty*, 161 Cal. 285, 291 (1911). ............................................... 4

*IMO Development Corp. v. Dow Corning Corp.*, 135 Cal. App. 3d 451, 459 (Cal. App. 4th Dist. 1982)................................................................................................................................ 5

*Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (Cal. App. 2d Dist. 2008) ...................... 14, 15

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112-113 (Cal. App. 6th Dist. 2011) ........................ 4

*Lovejoy v. AT&T Corp.,* 119 Cal. App. 4th 151, 157-158 (Cal. App. 3d Dist. 2004)....................... 9

*Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. Cal. 1989) ................................ 10

*Nymark vs. Heart Federal Savings & Loan Association* (1991) 231 Cal.App.3d 1089, 1096 . 10, 11

iv

*Onofrio v. Rice*, 55 Cal. App. 4th 413 (1997) ................................................................ 4

*Plascencia vs. Lending 1st Mortg.,* 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008)) ........................ 3

*Santa Maria vs. Pacific Bell,* 202 F. 3d 1170, 1178 (9th Cir. 2000) .................................. 3

*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-39 ................................. 14

*Yang vs. Home Loan Funding Inc.,* 2010 U.S. Dist. LEXIS 21837 * 15 (E.D. Cal. Feb. 18, 2010) 3

*Yates v. Perko's Café*, 2011 U.S. Dist. LEXIS 70059 (N.D. Cal. June 29, 2011) ........................... 2

## Federal Statutes

15 U.S.C. §1641(g) ....................................................................................... 12

## CA State Statutes

CA Business & Professions Code § 17200 ...................................................... 9, 13, 14

CA Code Civ. Proc., § 1159 ...................................................................... 1, 15

CA Code Civ. Proc. § 1160 ....................................................................... 1, 15

Ca Fin. Code §4973 ..................................................................................... 8

CA Finance Code §4970(b) ........................................................................... 8

CA Finance Code §22000 .............................................................................. 9

Ca Fin. Code §22302(a) ............................................................................... 9

CA Finance Code §50000 .............................................................................. 9

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2005, Plaintiff executed a series of documents, including a promissory note and Deed of Trust ("DOT") for the purchase of the property commonly known as 26855 Eagle Run St., Corona, CA 92883.  Under the terms of Plaintiff's loan, his monthly mortgage payment would be $1126.33.   Plaintiff began to experience financial hardship paying his monthly payments, which increased beyond the amount stated in his Note.  After interest and other excessive fees were added to Plaintiff's mortgage payments, his monthly payment exceeded five-five percent of his monthly income. In or around August 2008, Plaintiff contacted Bank of America to apply for a loan modification to obtain relief from the oppressive loan.   Bank of America agreed to modify Plaintiff's loan, but only for a period of five (5) years, at which point the oppressive terms would be reinstated.

On June 18, 2013, Plaintiff filed the instant action against Defendants for fraudulently concealing material terms of his loan, failing to provide certain disclosures required under TILA and breaching their duty of good faith and fair dealing.  On July 24, 2013, Plaintiff discovered that Safeguard Properties performed a lock out on Plaintiff's property on behalf of Bank of America. The home has not been sold at a trustee's sale and there has been no judgment granting Defendants possession of the property.

On August 21, 2013, Plaintiff filed his First Amended Complaint to include allegations of violation of Ca Civil Code §1159 and §1160 due to Defendants illegal lock-out.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

## II.   STANDARD OF REVIEW

2

A party may bring a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when the plaintiff

3

fails "to state a claim upon which relief can be granted." *Ass'n of Irritated Residents v. Fred*

4

*Schakel Dairy*, 2008 U.S. Dist. LEXIS 25257, 16-17 (E.D. Cal. Mar. 28, 2008). When reviewing a

5

motion to dismiss, the court does not decide whether the plaintiff will "ultimately prevail." *Id*

6

7

(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).

8

Instead, the court determines "whether the plaintiff could prove any set of facts in support of his

9

claim that would entitle him to relief. *Ass'n of Irritated Residents*, 2008 U.S. Dist. LEXIS 25257 at

10

16-17.

11

The court will "accept all factual allegations of the complaint as true and draw all

12

reasonable inferences in the light most favorable to the nonmoving party, unless the allegations are

13

merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Id*. "Motions to

14

dismiss are disfavored and rarely granted." *Gilligan v. Jamco Development Corp*., 108 F.3d 246,

15

16

249 (9th Cir. 1997). Thus, the Court will not dismiss a complaint unless "it appears beyond doubt

17

that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

18

If the Court finds that Plaintiff has failed to allege sufficient facts, leave to amend should be

19

granted. *See Yates v. Perko's Café*, 2011 U.S. Dist. LEXIS 70059 (N.D. Cal. June 29, 2011).

20

("[T]he Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no

21

22

request to amend the pleading was made.").

23

24

25

26

27

28

2

III.    **PLAINTIFF'S FIRST AMENDED COMPLAINT IS NOT DEFECTIVE.**

   A. **THE DOCTRINE OF EQUITABLE TOLLING SHOULD APPLY TO ANY TIME-BARRED CLAIMS.**

This Court should apply the doctrine of the equitable tolling to any time-barred claims in Plaintiff's First Amended Complaint.   Plaintiff alleges in his FAC that despite his reasonable diligence he did not discover and was prevented from uncovering the wrongdoing complained of againstthe Defendants due to their fraudulent conduct.  *FAC* ¶15.  The court has held that equitable tolling applies when, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Altman vs. PNC Mortgage,* 2012 U.S. Dist. LEXIS 6460, 57-58 (E.D. Cal. Jan. 19, 2012) (citing *Santa Maria vs. Pacific Bell,* 202 F. 3d 1170, 1178 (9th Cir. 2000)).   The Court further explained "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs. *Santa Maria*, 202 F.3d at 1178.   "The issue of equitable tolling must be considered when the complaint, liberally construed in light of our "notice pleading" system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine."  *Yang vs. Home Loan Funding Inc.,* 2010 U.S. Dist. LEXIS 21837 * 15 (E.D. Cal. Feb. 18, 2010) (citing *Plascencia vs. Lending 1st Mortg.,* 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008)).

Plaintiff, through no fault of his own, was unaware of Defendants' extensive fraud, state and federal violations, or the true nature of his predatory loan.  Plaintiff was unaware of the numerous disclosures Defendants were required to provide under federal and state law.  Plaintiff did not discover Defendants' violation until his loan and other mortgage related documents were reviewed by his counsel in June 2013.   Plaintiff is not well versed in mortgage law, nor is he familiar with

3

Defendants' sophisticated banking practices.  Nonetheless, once Plaintiff discovered Defendants' violation he immediately initiated the instant action.  As such, the statute of limitations should be tolled as to each of Plaintiff's time-barred claims to the date that this action was filed.

## B.  PLAINTIFF HAS PROPERLY ALLEGED THAT TENDER EXCEPTIONS APPLY.

Defendants recognize that there are exceptions to the tender rule, but argue that none of the exceptions apply by relying on *Onofrio v. Rice*, 55 Cal. App. 4th 413 (1997) and *Humboldt Sav. Bank vs. McCleverty*, 161 Cal. 285, 291 (1911).  However, Defendants fail to consider the exceptions upon which Plaintiff relies in his Complaint and their motion to dismiss does not demonstrate why these exceptions are inapplicable.

In *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112-113 (Cal. App. 6th Dist. 2011) the court held that summary judgment was inappropriate because the lender failed to show why the tender exceptions upon which the homeowner relied were not applicable.   Lona sought to set aside a trustee's sale based on a variety of claims including predatory lending and that the loan was unconscionable.  *Id* at 89.  The lender filed a motion for summary judgment on grounds that the plaintiff failed to make a vaild tender offer based on the holdings in *Humboldt* and *Holland v. Pendleton Mtge. Co*. (1943) 61 Cal.App.2d 570, 577–578 [143 P.2d 493]. *Id*. at 96.  In opposition plaintiff alleged that tender was not required because the loan was illegal and that the debt was invalid.  *Id*. at 114.   The appellate court held that because the lender failed to consider the exceptions upon which Lona relied in the complaint – one of which included a challenge to the underlying debt as illegal due to predatory lending – summary judgment was not appropriate. *Lona*, 202 Cal. App. 4th at 115.

Similarly, Defendants' motion to dismiss fails to show why Plaintiff's allegations challenging the underlying debt as illegal are insufficient to show that the tender rule does not apply. Plaintiff alleges that the loan he executed in 2005 contained unconscionable terms and was predatory in nature. *FAC* ¶ 35, 43-46. These allegations fall squarely within the exception enumerated under *Lona* that "…if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt." *Lona*, 202 Cal. App. 4th at 112. Plaintiff also alleges that Defendants fraudulent concealed material terms of his loan, violated federal disclosure laws, and engaged in unfair business practices. Defendants again fail to show why the tender requirement would not be excused based on equitable principals.

Defendants fail to show why a tender exception does not apply, thus their motion to dismiss should be denied.

## IV.   PLAINTIFF HAS ALLEGED CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

### A.   PLAINTIFF IS ENTITLED TO RELEIF FROM HIS UNSCONSCIONABLE LOANS.

Defendants' motion to dismiss Plaintiff's first cause of action should be denied. Ca Civil Code Section 1670.5 authorizes "the court, after finding as a matter of law that the contract is unconscionable, in whole or part, to: (1) refuse to enforce the contract; (2) enforce the contract without the unconscionable provision; or (3) limit the application so as to avoid an unconscionable result. *IMO Development Corp. v. Dow Corning Corp.*, 135 Cal. App. 3d 451, 459 (Cal. App. 4th Dist. 1982). Plaintiff alleges that Countrywide and later Bank of America knew or should have known, that he was unable to afford the subject loan due to their failure to properly verify their

PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

income and qualifying him for a loan that exceeded fifty-five percent of his monthly income. *FAC* ¶ 33. Plaintiff is seeking a declaration from this Court that the unconscionable terms of the loan are void and therefore unenforceable.

The court describes the two-part analysis for determining whether a loan is unconscionable. 202 Cal. App. 4th at 108. First the court must determine "whether the contract is one of adhesion…a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" If the court determines that the contract is one of adhesion, the court must next determine "whether 'other factors are present which, under established legal rules—legislative or judicial— operate to render it [unenforceable].'" *Id*. The court further stated,

> [g]enerally speaking, there are two judicially imposed limitations on the enforcement of adhesion contracts or provisions thereof. The first is that such a contract or provision which does not fall within the reasonable expectations of the weaker or "adhering" party will not be enforced against him. The second—a principle of equity applicable to all contracts generally—is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or "unconscionable." '

*Id.*

"[U]nconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on "overly harsh" ' or ' "one-sided" ' results. *Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571, 579 (Cal.App.1stDist.2007). "The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id.* Thus, "the

6

1   more substantively oppressive the contract term, the less evidence of

2   procedural unconscionability is required to come to the conclusion that [a] term is

3   unenforceable..." *Id*. In *Gatton* the court defined "oppression" as "inequality of bargaining power

4   that results in no real negotiation and an absence of meaningful choice."   The element of

5   "[s]urprise is defined as " 'the extent to which the supposedly agreed-upon terms of the bargain are

6   hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms.' *Id*.

7

8        Defendants cannot deny that the Note and Deed of Trust are contracts of adhesion.   The

9   documents are standard forms that were unilaterally drafted by Countrywide.   Plaintiff did not

10  have any role in drafting the documents and did not have an opportunity to negotiate the terms of

11  the contract. Defendants argue that Plaintiff could have applied for another loan with another

12  lender or asked to be considered for different terms.   However, in *Gatton* the court found that

13  "evidence that one party has overwhelming bargaining power, drafts the contract, and presents it

14  on a take-it-or-leave-it basis is sufficient to demonstrate procedural unconscionability and require

15  the court to reach the question of substantive unconscionability, even if the other party has market

16  alternatives." 152 Cal.App.4th at 579.

17

18        Here, Plaintiff alleges that Defendant knew or should have known that he would not be

19  able to afford the mortgage payments because the payments far exceeded his actual income.  *FAC*

20  ¶ 33.   Under the terms of Plaintiff's 2005 loan, it states that his monthly payment would be

21  $1126.33.   However, Defendants failed to disclose to Plaintiff that once the interest rate was

22  adjusted and other fees were assessed his monthly payments would exceed more than fifty-five

23  (55) percent of his monthly income. Defendants failed to disclose or explain any additional fees.

24  *FAC* ¶ 41.   Defendant's failure to disclose and explain these fees amount to surprise and were

25

26

27

28

7

1    economically oppressive.   Even when Bank of America modified Plaintiff's loan, Plaintiff's
2    adjustable interest rate of 5.45% would be fixed only until August 1, 2013.   Upon expiration of the
3    five (5) year period, Plaintiff's loan would return to the adjustable rate causing his payments to
4    again exceed his income.
5
6         Plaintiff did not have any opportunity to negotiate the adhesive loan contracts.   Plaintiff
7    entered into both the original loan and later modified loan for the purpose of purchasing his
8    residential home.  Plaintiff did not have market alternatives and the loan was presented as a take-it
9    or leave-it agreement.   Plaintiff is entitled to relief from the unconscionable terms of his loan and
10   Defendants should be enjoined from attempting to enforce the unconscionable terms against
11   Plaintiff by conducting a trustee's sale.
12
13        Plaintiff request that this Court deny Defendant's motion to dismiss, or alternatively, grant
14   leave to amend any pleading deficiencies as to this claim.
15
16        **B.  PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION UNDER CA FIN.
              CODE §§22000, et and 50000, et seq.**
17
18        Plaintiff has stated a claim under Ca Fin. Code §4973.   Plaintiff's 2005 loan and later
19   modified loan are covered under §4970(b) because it does not exceed the conforming loan limits[1]
20   and Plaintiff alleges that the total closing costs exceeded six (6) percent of Plaintiff's total loan
21   amount.  *FAC* ¶ 39.   Defendant argues that Plaintiff fails to identify which loan he claims was
22   unconscionable.  However, Plaintiff clearly alleges that the modified loan was only effective for a
23   period of five (5) years at which point the original terms of his loan were reinstated.  *FAC* ¶ 23.
24
25   _____
     [1] The Fannie Mae loan limits are available at https://www.fanniemae.com/singlefamily/loan-limits
26
                                                    8
27   **PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF
     AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION
28   SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Thus, the terms of the modified loan did nothing to alleviate the oppression caused by the unconscionable terms imposed under Plaintiff's 2005 loan.

Under Ca Fin. Code §22302(a) any loan agreement which is unscionable under CA Civil Code §1670.5 is a violation of the finance law.  Defendants contend that Plaintiff's claim should be dismissed because he does not state a claim that the terms were unconscionable.  However, Plaintiff has alleged that the terms of his loan were oppressive and any pleading deficiencies may easily be cured.  Plaintiff further alleges that Defendants failed to disclose the true nature of his loan and that default was inevitable which amounts to unfair and unlawful business practices under Business & Professions Code §17200 and a violation under Ca Fin. Code §50204.

There is no question that Plaintiff's loan is a "covered loan" as defined under Ca. Fin. Code §4973.  *FAC* ¶ 39.  Plaintiff alleges that Defendants violated §§22000, et seq and 50000, et. seq. by offering and enforcing the unconscionable loan.  Defendants' motion to dismiss Plaintiff's second cause of action should be dismissed, or alternatively, Plaintiff requests leave to amend any deficiencies.

### C.  PLAINTIFF HAS ALLEGED A CLAIM FOR FRAUDULENT CONCEALMENT

"[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or  suppression of the fact, the plaintiff must have sustained damage." *Lovejoy v. AT&T Corp.,* 119 Cal. App. 4th 151, 157-158 (Cal. App. 3d

9

1  Dist. 2004).

2      "In alleging fraud or mistake, a party must state with particularity the circumstances

3  constituting fraud... Malice, intent, knowledge, and other conditions of a person's mind may be

4  alleged generally." *FDIC v. Freestand Fin. Holding Corp.*, 2011 U.S. Dist. LEXIS 90725 *5 (C.D.

5  Cal. Aug. 15, 2011).  To "satisfy Rule 9(b), a pleading must identify the who, what, when, where,

6  and how of the misconduct charged, as well as what is false or misleading about [the purportedly

7  fraudulent] statement, and why it is false." *Id* (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4

8  *Sys.*, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)).  The court has recognized, however, that "the rule

9  may be relaxed as to matters within the opposing party's knowledge." *Moore v. Kayport Package

10 *Express*, 885 F.2d 531, 540 (9th Cir. Cal. 1989).  The Court in *Moore* further stated,

11
12      "...in cases of corporate fraud, plaintiffs will not have personal knowledge of all of
13      the underlying facts.  In such cases, the particularity requirement may be satisfied if
        the allegations are accompanied by a statement of the facts on which the belief is
14      founded." Instances of corporate fraud may also make it difficult to attribute
        particular fraudulent conduct to each defendant as an individual. To overcome such
15      difficulties in cases of corporate fraud, the allegations should ***include the
        misrepresentations*** themselves with particularity ***and, where possible, the roles of
16      the individual defendants in the misrepresentations***."

17
18 *Id* (emphasis added).

19      Plaintiff alleges that Defendants failed to disclose material information as it relates to this

20 loan.  *FAC* ¶58.   In or around January 25, 2005, when Plaintiff executed his Promissory Note and

21 Deed of Trust, Defendants represented to him that his monthly mortgage payment would be

22 $1126.33.  FAC ¶ 54, 57. Defendants did not disclose to Plaintiff that additional fees and costs

23 would be assessed causing his mortgage payment to increase well beyond his monthly income.

24      Defendants contend that Plaintiff's third cause of action fails because they did not owe

25 Plaintiff a duty.  Under *Nymark vs. Heart Federal Savings & Loan Association* (1991) 231

26                                          10

27      PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF
        AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION
28          SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cal.App.3d 1089, 1096 the court has recognized that a lender is not immune from liability when they act outside of the scope of their role as lender.   Defendants exceeded their role as mere lender when they offered and recommended to Plaintiff a loan which they knew was predatory in nature. Plaintiff further alleges that he did not discover Defendants' fraudulent concealment until his loan documents were reviewed in or around June 2013. *FAC* ¶ 66.  Thus, the statute of limitation should be tolled until the time that Plaintiff discovered Defendants' fraud.  Plaintiff has alleged facts constituting a claim for fraud and Defendants' motion to dismiss the third cause of action should be denied.

## D. PLAINTIFF IS ENTITLED TO RELEIF FOR DEFENDANTS' BREACH OF GOOD FAITH & FAIR DEALING

Defendants acknowledge that there is a duty to act in good faith inherent in every contract. The loan agreement and Deed of Trust constitute a contractual agreement. *FAC* ¶ 71. Plaintiff further alleges that the loan documents imposed upon Defendants a duty to act in good faith and fair dealing.  *FAC* ¶ 71.  Defendants enjoyed the benefits of entering into the agreement and enjoyed substantial discretionary power, which affected the rights of all parties.   FAC ¶ 72. Defendants willfully breached their inherent duty to act in good faith by failing to disclose all material terms of the loan and fraudulently qualifying Plaintiff for a loan which they knew he would eventually default on due its predatory nature.  *FAC* ¶ 73 – 74.

Defendant argues that Plaintiff's claim fails because he fails to identify which term of the contract was frustrated.  Paragraph 3(B) of Plaintiff's loan states his monthly payments would be only $1126.33. See **Exhibit "B**."  Plaintiff's FAC alleges that as a result of Defendants' failure to act in good faith and disclose all material terms regarding his monthly payments, his payments

11

were significantly more than the amount stated in the Note.  *FAC* ¶ 33, 41.

Plaintiff has alleged a claim for breach of good faith and fair dealing, thus Defendant's motion to dismiss the fourth cause of action should be denied.

### E.  PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION UNDER RESPA.

Plaintiff alleges that Defendants violated RESPA by offering him an unconscionable loan in exchange for hidden fees in excess of the reasonable value of goods.     Defendants claim that Plaintiff's claim fails because he does not allege pecuniary damages.   To the contrary, Plaintiff alleges that excessive fees and costs have been assessed against his loan amount as a result of Defendants' violation.  *See FAC* ¶ 83.  Defendants' motion to dismiss should be denied.

### F.  PLAINTIFF HAS ALLEGED A VIOLATION UNDER TILA.

Plaintiff alleges that Bank of America failed to provide the requisite notice as required under 15 U.S.C. §1641(g) when his loan was transferred to them.  Specifically, Defendants failed to notify Plaintiff of the following information, within thirty (30) days of his Note being transferred and/or assigned to them:

(A)  the identity, address, telephone number of the new creditor;
(B)  the date of transfer;
(C)  how to reach an agent or party having authority to act on
(D)  behalf of the new creditor;
(E)  the location of the place where transfer of ownership of the
(F)  debt is recorded; and
(G)  any other relevant information regarding the new creditor.

Defendant's only argument in support of their motion to dismiss Plaintiff's sixth cause of action is that TILA does not apply to them because Plaintiff identifies them as the current service in paragraph 5 of the FAC. However, Defendant says nothing about the remaining allegations in the

12

1   FAC, which also state that Plaintiff's loan was "transferred" to Bank of America.   *FAC* ¶ 89.

2   Defendant does not argue that they are not acting in the capacity as both a creditor and servicer of

3   Plaintiff's loan which was transferred to them.

4       Plaintiff has alleged that his loan was transferred and assigned to Bank of America and that

5   they failed to provide the proper notice under TILA. Defendant's motion to dismiss should be

6   denied.

7

8   **G. PLAINTIFF HAS ALLEGED A CLAIM FOR VIOLATION OF BUSINSS &
    PROFESSIONS VIOLATION 17200.**

9

10      Plaintiff's claims alleged in the FAC give rise to his claim against Defendants for liability

11  under §17200. Plaintiff has standing to bring his claim under §17200 because he has suffered

12  economic injury as a result of Defendants' numerous business and professions violations. *FAC* ¶

13  109 – 112.  Under § 17200, "there are three varieties of unfair competition: practices which are

14  unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc*. (2006) 144

15  Cal.App.4th 824, 837.

16      Plaintiff has alleged facts constituting unfair, fraudulent and unlawful business practices

17  against each defendant.  Plaintiff's allegations against BofA and Countrywide are sufficient to show

18  that they engaged in unfair and fraudulent business practices by fraudulently concealing material

19  terms of his loan. *FAC* ¶ 100 – 105.  *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254,

20  1267 ("Fraudulent," as used in the statute, does not refer to the common law tort of fraud, but only

21  requires a showing that members of the public are likely to be deceived.).  Plaintiff alleges that he

22  was deceived by Defendants' failure to disclose the true nature of his loan and the amount of his

23  mortgage payments. *FAC* ¶ 57 – 58, 100 – 101.   Plaintiff's allegations that Defendants failed to

24

25

26                                          13

27  **PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF
    AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION
28  SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

act in good faith and fair dealing to his detriment also amount to unfair business practices under §17200.  *FAC* ¶ 101.  *See id.*  ("Unfair," as used in the statute, simply means any practice whose harm to the victim outweighs its benefits.).    Plaintiff further alleges that Recontrust's wrongful recordation of the Notice of Default and Notice of Trustee's Sale constitute fraudulent and unlawful business practices.  *FAC* ¶ 106, 114 – 118.

Plaintiff also alleges that BofA and Countrywide violated Ca Civil Code §§1159 and 1160 by performing an illegal lockout of his property.  *FAC* ¶107.  The unlawful practices prohibited by §17200 are ***any practices*** forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-39 (emphasis added).

Plaintiff has clearly has standing to challenge Defendants' violation of §17200 and has properly alleged a claim against Defendants.  Thus, their motion to dismiss Plaintiff's seventh cause of action should be denied.

## H.  PLAINTIFF HAS ALLEGED A CLAIM FOR SLANDER OF TITLE

Plaintiff alleges that defendants wrongfully recorded foreclosure documents slandering title to his Home. Defendants knew, or should have known, that various terms contained in the Deed of Trust which they sought to enforce against him were illegal, oppressive and unconscionable. These allegations are sufficient to overcome Defendants' motion to dismiss.

The privilege provided under CCP §47 is not absolute.  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (Cal. App. 2d Dist. 2008).   Malicious communications are not protected under CCP §47. "…[M]alice is defined as actual malice, meaning "that the publication was motivated by hatred or ill will towards the plaintiff or **by a showing that the defendant lacked reasonable**

14

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights**." *Id* at 336 (emphasis added). Plaintiff has sufficiently plead allegations of malice against each of the named Defendants. Plaintiff alleges that Defendants falsely and wrongfully caused a Notice of Default and Notice of Trustee's Sale to be recorded against his Home when they knew the Note, which they sought to enforce, was illegal. Defendants' conduct was not privileged and their motion to dismiss should be denied.

## I. PLAINTIFF IS ENTITLED TO RELIEF FOR DAMAGES CAUSED BY DEFENDANTS' FORCIBLE ENTRY

Defendants' rely on the language in Section 9 of the Deed of Trust to support their motion to dismiss Plaintiff's ninth and tenth causes of action. Section 9 indicates that the lender may take steps to protect their interest in the property. However, this provision does not permit the lender to circumvent California statutory law and conduct an illegal lock-out of Plaintiff's home. The case law is clear that "[t]he statutes defining forcible entry (Code Civ. Proc., § 1159) and forcible detainer (Code Civ. Proc., § 1160) reflect a policy barring the use of forceful self-help. *Glass v. Najafi*, 78 Cal. App. 4th 45, 48-49 (Cal. App. 1st Dist. 2000).

Pursuant to Ca Civil Code § 1159 "[e]very person is guilty of a forcible entry who either…*by breaking open doors*, windows, or other parts of a house, or by any kind of violence or circumstance of terror *enters upon or into any real property*…"   Under Ca Civil Code §1160 [e]very person is guilty of a forcible detainer who either…by force, or by menaces and threats of violence, *unlawfully holds and keeps the possession of any real property*, whether the same was acquired peaceably or otherwise. Plaintiff alleges that on or about July 24, 2013, Defendants performed a lock-out on the subject property by breaking the lock on the front door of his property.

15

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*FAC* ¶ 123, 129.    Defendants caused significant damage to Plaintiff's home and removed personal items from his property.  *FAC* ¶ 125, 132.  Defendants unlawfully prevented Plaintiff from entering his property for over two weeks.   FAC ¶ 131.    Defendants fail to argue why Plaintiff has not properly alleged a claim under §§1159 and 1160, thus their motion to dismiss should be denied.

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Dismiss.   In the alternative, Plaintiff requests that the Court grant leave to amend any pleading deficiencies.

Dated: February 18, 2014                              ROMINE LAW OFFICE

                                                      By:  */s/*_____
                                                           Tiffany N. Romine
                                                           Attorney for Plaintiff ARMANDO SOLIS

16

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 655 N. Central Ave., Suite 1700,
Glendale, CA 91203.

4

5        On February 18, 2014, I served the foregoing document, described as **PLAINTIFF'S
OPPOSITION TO DEFENDANTS' COUNTRYWIDE HOME LOANS, INC., BANK OF
AMERICA, RECONSTRUST COMPANY, NA and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. MOTION TO DISMISS FIRST AMENDED
COMPLAINT; PROPOSED ORDER**, on each interested party in this action, as follows:

6

7

8

| McGuire Woods LLP | Gordon & Reese, LLP |
|---|---|
| Tracy Evans Moyer, Esq. | Shannon L. Ernster, Esq. |
| Lila Al-Marhoon, Esq. | 633 West Fifth Street, 52nd Floor Los |
| 1800 Century Park East, 8th Floor | Angeles, CA 90071 |
| Los Angeles, CA 90067 | |

9

10

11

12

13        ☒        (VIA ELECTRONIC SERVICE):  The document was served via The United States
District Court –Central District's CM/ECF electronic transfer system which generates a Notice of
Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.
Each transmission was reported as complete and without error.

14

15        ☒        (FEDERAL ONLY)  I declare that I am a member of the bar of this Court.

16        I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

17

18

19        Executed on February 18, 2014, at Glendale, California.

20                                By: _/s/_____

21                                    Tiffany N. Romine

22

23

24

25

26                                                      17

27

28